UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SIXTO CISCO SERRANO,

    Petitioner,

v.         Case No. 8:09-cv-2023-T-33TGW


THIRTEENTH JUDICIAL CIRCUIT COURT
IN AND FOR HILLSBOROUGH COUNTY
FLORIDA DIVISION H

    Respondent.

_____


## O R D E R

  This cause is before the Court on Petitioner Serrano's "Petition for Extraordinary Writ of Mandamus" against the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida, Division H.  Serrano, who is incarcerated in the Department of Corrections at Taylor Correctional Institution Annex, complains that the Thirteenth Judicial Circuit Court will not rule on his Rule 3.850 motion and will not order that he be released from incarceration.

### Discussion

  Serrano seeks to have this Court issue a writ of mandamus ordering the state court to rule on his Rule 3.850 motion **and** to order that he be released from incarceration.

Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." *See Corn v. City of Lauderdale Lakes,* 904 F.2d 585, 587 (11th Cir.1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); *see also Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1385 (11th Cir.1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." *See generally Vacheron & Constantin-Le Coultre Watches*, *Inc. v. Benrus Watch Co.*, 260 F.2d 637, 640 (2d Cir.1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

*Preferred Sites, LLC v. Troup County*, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations [.]"  *In re Bellsouth Corp.,* 334 F.3d 941, 953 (11th Cir. 2003) (quoting *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1981)); *see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309 (1989).  To be entitled to mandamus, Serrano must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty for the Respondent to perform the action sought; and, (3) the absence of an adequate alternative remedy. *Mallard*, 490 U.S. at 309; *Stephens v. Dept. of Health & Human Servs.,* 901 F.2d 1571, 1576 (11th Cir. ), *cert. denied*, 498 U.S. 998 (1990); *District Lodge No. 166 v. TWA Servs., Inc.,* 731 F.2d 711, 717 (11th Cir. 1984), *cert. denied,* 469 U.S. 1209 (1985) (quoting *Carter v. Seamans*, 411 F.2d 767, 744 (5th Cir. 1969)).

Here, Serrano has not met his burden.  He has not shown that he is entitled to the drastic remedy of having this Court issue a writ of mandamus ordering the state court to act.

Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin,* 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F. Supp. 914, 915 (E.D. Wis. 1978).

*Andujar v. Crosby*, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2 (M.D. Fla. Jan. 18, 2006).

**Accordingly, the Court orders**:

That Serrano's "Petition for Extraordinary Writ of Mandamus" is denied. The Clerk is directed to enter judgment against Petitioner Serrano and to close this case.

ORDERED at Tampa, Florida, on October 22, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Sixto Cisco Serrano